United States District Court
Southern District of Texas
**ENTERED**
December 28, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| SHANE MATTHEW BUCHEL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:20-CV-00046 |
| | § | |
| LORIE DAVIS, *et al*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Shane Buchel is an inmate in the Texas Department of Criminal Justice and is currently incarcerated at the Terrell Unit in Rosharon, Texas. Proceeding *pro se*, Buchel filed an original habeas corpus petition pursuant to 28 U.S.C. § 2254 on June 5, 2020.[1] (D.E. 1). Buchel raises claims that the trial court breached the plea agreement and abused its discretion with regard to the restitution order. Respondent filed a motion for summary judgment contending that the § 2254 petition was untimely, to which Buchel has responded. (D.E. 17, 18). As discussed more fully below, it is respectfully recommended that Respondent's motion for summary judgment be granted and Buchel's habeas corpus petition be dismissed as untimely. It is further recommended that a Certificate of Appealability ("COA") be denied.

---

[1] Buchel stated under penalty of perjury that he placed his petition in the prison mail system on June 5, 2020, and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998), and Rule 3, Rules Governing Section 2254 Cases (discussing the mailbox rule).

## I.   JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331 and venue is appropriate because Buchel was convicted in DeWitt County, Texas.  28 U.S.C. § 2254(a); 28 U.S.C. § 124(b)(5); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## II.   BACKGROUND

### a.   Petition and Claims

In his petition, Buchel first contends that the trial court breached his plea agreement by ordering that the restitution fees be withdrawn from his inmate trust account per case, per deposit.  (D.E. 1 at 6; D.E. 1-2 at 7-8).  Second, Buchel argues that the trial court abused its discretion by ordering that he pay restitution per case, per deposit, in violation of Texas law.  (D.E. 1 at 6; D.E. 1-2 at 7-12).  Buchel asserts that his petition is timely because the trial court breaching a plea agreement is an extraordinary circumstance and he diligently sought a remedy as soon as he discovered the error.  (D.E. 1 at 9; D.E. 1-2 at 5-7; D.E. 1-4 at 1-2).

### b.   State Court Records

In November 2015, Buchel was charged in an indictment with burglary of a habitation as a repeat felony offender.  (D.E. 14-8 at 8).  Buchel pleaded guilty to this charge and 14 other burglary of a habitation charges.  (*Id.* at 9).  The terms of the plea bargain provided that he would be responsible for restitution in the amount of $30,000, which would be paid pro-rata to victims based on the value of their loss.  (*Id.*).  Buchel also waived his right to appeal.  (*Id.* at 10-11).  The trial court sentenced him to a 40-year total

sentence, and judgment was entered June 16, 2016, along with the order to withdraw funds. (*Id.* at 12, 15).

In accordance with the appeal waiver, Buchel did not file a direct appeal. Buchel sent several letters to the state court clerk and trial judge[2] indicating that the prison was withdrawing too much money from his account every month for court costs and fees and that they were supposed to be consolidated. (*See, e.g., id.* at 24, 27, 30, 31). In August 2017, the judge sent a letter to the clerk indicating that he agreed that Buchel's fines and court costs should be consolidated under state law, but that the restitution amounts should not be consolidated. (*Id.* at 29). In May 2018, the trial court waived the assessment of fines and court costs, but not the judgments for restitution. (D.E. 14-9 at 1).

In September 2018, Buchel filed a mandamus petition with the Thirteenth District Court of Appeals of Texas. (*Id.* at 43-46). Buchel sought to modify the withdrawals from his inmate account. (*Id.*). On December 6, 2018, the court denied his petition, concluding that Buchel had not established that the trial court had a ministerial duty to order the restitution to run concurrently or that he lacked an adequate remedy by appeal. (D.E. 14-10 at 21-22). However, the court noted that this conclusion did not reach every aspect of Buchel's claims because it was limited by the evidence and arguments before the court. (*Id.*).

On February 5, 2019, Buchel filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. (*Id.* at 47-62). He raised the same

---

[2] The judge of the state trial court in which Buchel was convicted changed between the time of his conviction and when he began sending the letters.

claims as in his present § 2254 petition. (*Id.* at 52, 54). The trial court concluded that the application raised no controverted or previously unresolved facts that were material to the legality of Buchel's confinement, and accordingly forwarded the application to the Texas Court of Criminal Appeals ("TCCA"). (D.E. 14-11 at 27). On May 8, 2019, the TCCA denied the application without written order. (D.E. 14-1 at 1).

## III. DISCUSSION

In the motion for summary judgment, Respondent contends that Buchel's claims are barred by the statute of limitations. (D.E. 25 at 5-7). Specifically, Respondent argues that the judgment became final on July 16, 2016, 30 days after it was entered, and Buchel was accordingly required to file his § 2254 petition by July 17, 2017. (*Id.* at 7). Respondent asserts that Buchel is not entitled to statutory tolling because his mandamus petition and Article 11.07 application were filed after the expiration of the limitations period. (*Id.*). Finally, Respondent argues that Buchel has not shown that the limitations period should have started to run at a later date or that he is entitled to equitable tolling. (*Id.* at 8-11).

Buchel's response does not address the timeliness issue, but reiterates the basis of his claims and argues that he can overcome a procedural default. (D.E. 18 at 2-6). However, the basis of Respondent's argument is untimeliness, not procedural default.

A one-year limitation period applies to an application for a writ of habeas corpus filed by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of either: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state

4

action in violation of the Constitution or laws of the United States was removed; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court; or (4) the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. *Id.* § 2244(d)(1).

A notice of direct appeal of a criminal conviction must be filed within 30 days after the sentence is imposed. Tex. R. App. P. 26.2(a).

The time during which a properly filed state collateral review application is pending is not counted toward the limitation period. 28 U.S.C. § 2244(d)(2). A state habeas petition filed after the limitation period ends does not toll the limitation period under § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

The timeliness provision in § 2244(d) is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 634 (2010). A petitioner is entitled to equitable tolling only if he can show that: (1) he has been diligently pursuing his rights; and (2) some extraordinary circumstance stood in his way. *Id.* at 649. Such a circumstance exists where, for example, the plaintiff was misled by the defendant about the cause of action or was otherwise prevented in some extraordinary way from asserting his rights. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002). A standard claim of excusable neglect is insufficient. *Id.* Ignorance of the law generally does not excuse prompt filing, even for a *pro se* prisoner. *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). The failure to satisfy the limitation period must result from "external factors" beyond the petitioner's control, and delays caused by the petitioner do not qualify. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

Here, Buchel's § 2254 petition is untimely, and he has not established that he is entitled to statutory or equitable tolling. He had 30 days to file a direct appeal following the imposition of the sentence. Tex. R. App. P. 26.2(a). Because he did not file a direct appeal, his conviction became final at the expiration of those 30 days on July 16, 2016. (*See* D.E. 14-8 at 12). His time to file a § 2254 petition expired one year later on July 17, 2017.[3] 28 U.S.C. § 2244(d)(1). None of the other potential start dates for the limitations period appear to apply based on the claims in the petition. As to statutory tolling, Buchel did not file his mandamus petition or Article 11.07 application until after the expiration of the limitations period, and they therefore did not toll the limitations period. *Scott*, 227 F.3d at 263.

Finally, Buchel has not established that he is entitled to equitable tolling because he has not shown any extraordinary circumstance that prevented him from filing his § 2254 petition earlier. *Holland*, 560 U.S. at 649. To the extent that Buchel argues that the trial court breaching the plea agreement is an extraordinary circumstance, that did not prevent him from timely filing his petition because the court's order to withdraw funds was entered the same day as the judgment. (D.E. 14-8 at 12, 15). Similarly, to the extent that Buchel sent letters and filed a mandamus petition in state court rather than filing an Article 11.07 application and then a § 2254 petition, ignorance of the law does not generally excuse prompt filing, even for a *pro se* prisoner. *Felder*, 204 F.3d at 172. Buchel has at best raised claims of excusable neglect, but excusable neglect is insufficient to establish that a prisoner

---

[3] July 16, 2017 was a Sunday.

6

is entitled to equitable tolling.  *Lookingbill*, 293 F.3d at 264.  Accordingly, Buchel has not

established that he is entitled to equitable tolling, and his petition is untimely.

## IV.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas

corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."

28 U.S.C. § 2253(c)(1)(A).  Although Buchel has not yet filed a notice of appeal, the issue

of whether he is entitled to a COA will be addressed.  *See Alexander v. Johnson*, 211 F.3d

895, 898 (5th Cir. 2000) (stating that a district court may *sua sponte* rule on a COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the

denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under

§ 2253(c) requires an overview of the claims in the habeas petition and a general

assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  Where a

district court rejects the claims on procedural grounds, a petitioner must show that jurists

of reason would find it debatable whether: (1) the petition states a valid claim of the denial

of a constitutional right; and (2) the district court was correct in its procedural ruling.  *Slack

v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not find it debatable that Buchel's claims are time-

barred.  Therefore, it is further recommended that any request for a COA be denied.

## V.   RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion

for summary judgment (D.E. 17) be GRANTED and Buchel's § 2254 petition be

DISMISSED as untimely.  In addition, it is further recommended that any request for a Certificate of Appealability be DENIED.

Respectfully submitted on December 28, 2020.

Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).