UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| SHANE MATTHEW BUCHEL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 6:20-cv-00046 |
| | § | |
| LORIE DAVIS; and BOBBY | § | |
| LUMPKIN-DIRECTOR TDCJ-CID, | § | |
| | § | |
| Respondents. | § | |

## ORDER ACCEPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is the Memorandum and Recommendation ("M&R") signed by Magistrate Judge Julie K. Hampton on December 28, 2020. (Dkt. No. 19). In the M&R, Magistrate Judge Hampton addresses Petitioner Shane Matthew Buchel's Petition for a Writ of Habeas Corpus by a Person in State Custody filed pursuant to 28 U.S.C. § 2254 ("Petition"), (Dkt. No. 1), and Respondent Bobby Lumpkin's Motion For Summary Judgment with Brief in Support ("Motion"). (Dkt. No. 17). Magistrate Judge Hampton recommends that the Court grant Lumpkin's Motion, dismiss as untimely Buchel's Petition, and deny any request for a Certificate of Appealability. (Dkt. No. 19 at 7–8).

Buchel was provided proper notice and the opportunity to object to the proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1); General Order No. 2002-13. The deadline for Buchel to file objections was fourteen days after being served with a copy of the M&R. 28 U.S.C. § 636(b)(1). This means he had until January 11, 2021, to file

objections. Buchel did not file any objections. As a result, the Court reviews for plain error.¹ *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (explaining that "when a party fails to file timely written objections to a magistrate judge's findings-of-fact and conclusions-of-law, [the] review is for plain error"); *see also Thomas v. Arn*, 474 U.S. 140, 149–150, 106 S.Ct. 466, 472, 88 L.Ed.2d 435 (1985) (rejecting the argument that 28 U.S.C. § 636 "positively requires some lesser review [than de novo] by the district court when no objections are filed"); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (holding that "a party's failure to file written objections . . . shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to" M&R), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

---

¹ The Court notes that the comment to Rule 72 of the Federal Rules of Civil Procedure suggests that a court must review a magistrate's report and recommendation for "clear error" when no proper objection is made. *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. But that same advisory comment states that Rule 72 is inapplicable in the habeas corpus context. *See id.* ("This rule does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Nara v. Frank*, 488 F.3d 187, 195 (3d Cir. 2007) (finding that Rule 72(b) "is inapplicable to habeas corpus cases" (citing Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition)); *United States ex rel. Cross v. DeRobertis*, 811 F.2d 1008, 1011 n.1 (7th Cir. 1987) (finding that Rule 72(b) "does not apply to habeas corpus actions" (citing Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition)); *Cavanaugh v. Kincheloe*, 877 F.2d 1443, 1449 (9th Cir. 1989) ("Rule 72(b) does not apply to habeas corpus petitions filed under 28 U.S.C. § 2254."). Rather, Rule 8 of the rules governing AEDPA cases provides instructions on the timely filing of objections that, in relevant, part mirror 28 U.S.C. § 636(b)(1)(C). *Compare* Rule 8, Rules Governing Section 2254 Cases ("Within 14 days after being served, a party may file objections as provided by local court rule. The judge must determine de novo any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation.") *with* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). Thus, this Court considers only Rule 8 and Section 636(b)(1)(C) alongside Fifth Circuit precedent in weighing the effect of a failure to timely object to an M&R.

No plain error appears. Accordingly, the Court **ACCEPTS** the M&R as this Court's Memorandum Opinion and Order. The Court **GRANTS** Lumpkin's Motion for Summary Judgment, **DISMISSES** as untimely Buchel's Petition, and **DENIES** any request for a Certificate of Appealability.

It is SO ORDERED.

Signed on September 29, 2021.

                                                                        _____
                                                                         **DREW B. TIPTON**
                                                                    **UNITED STATES DISTRICT JUDGE**